glary, and his punishment fixed at 10 years in the penitentiary. The desire of appellant to withdraw his appeal is evidenced by an affidavit in proper form, which is on file in the record in this case. In conformity with the request, the appeal is dismissed.

---

**1**

Fred GUY v. STATE. (No. 9050.) (Court of Criminal Appeals of Texas. May 13, 1925.) Appeal from District Court, Polk County; J. L. Manry, Judge. Rowe & Rowe, of Livingston, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for manufacturing intoxicating liquor. Punishment, one year in the penitentiary. Defendant entered his plea of guilty under all the formalities required by the statute. The plea was a confession of guilt. After hearing the evidence the jury assessed his punishment. We observe nothing in the record that calls for disturbing the judgment, and an affirmance is ordered.

---

**2**

G. E. HARLIN v. STATE. (No. 9397.) (Court of Criminal Appeals of Texas. April 22, 1925.) Appeal from District Court, Hill County; Horton B. Porter, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Hill county of forgery, and his punishment fixed at two years in the penitentiary. The record is before us without statement of facts or bills of exception. The indictment sufficiently charges the offense, and is followed by the charge of the court. No error appearing, the judgment will be affirmed.

---

**3**

Jack JOHNSON v. STATE. (No. 8927.) (Court of Criminal Appeals of Texas. April 22, 1925.) Appeal from District Court, Robertson County; W. C. Davis, Judge. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for the manufacture of intoxicating liquor. Punishment, confinement in the penitentiary for one year and six months. Officers went to the home of defendant, and informed him they had a search warrant and wanted to look over the place, to see if they could find any whisky. Defendant ran. After a chase of about a mile, he was overtaken and brought back to the house. In the house was found a complete still, but it had been partially disconnected. However, whisky was still running out of the coil into a syrup bucket. The liquid in the boiler was hot. Whisky was in the syrup bucket. About 40 gallons of hot mash were found. At one end of the house another barrel of mash was found buried. Nine quart fruit jars full of whisky were found. Another bottle containing whisky was warm. After defendant made bond, one of the officers had a talk with him, and asked him why he ran, and defendant told him he thought "they would do away with that stuff." A special charge upon circumstantial evidence was requested. This subject is fully covered in the court's main charge. In passing sentence upon defendant, the court inadvertently omitted to give him the benefit of the indeterminate sentence law, as provided in article 865a, C. C. P. The sentence is here reformed, to read that defendant shall be confined in the penitentiary for not less than one year nor more than one year and six months. As reformed, the judgment is affirmed.

---

**4**

E. E. LUCAS v. STATE. (No. 8817.) (Court of Criminal Appeals of Texas. May 13, 1925.) Appeal from District Court, Taylor County; W. R. Ely, Judge. T. A. Bledsoe, of Abilene, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. Appellant was convicted in the district court of Taylor county of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary. There are no bills of exception in the record. We have examined the statement of facts, which amply supports the conclusion of guilt reached by the jury. Finding no error in the record, the judgment will be affirmed.

---

**5**

Will McDOWELL, Sr., v. STATE. (No. 8891.) (Court of Criminal Appeals of Texas. May 20, 1925.) Commissioners' Decision. Appeal from Criminal District Court, Travis County; James R. Hamilton, Judge. Dickens & Dickens, of Austin, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BERRY, J. Appellant was convicted in the district court of Travis county for unlawfully manufacturing intoxicating liquor, and his punishment assessed at confinement in the penitentiary for one year. There is but one bill of exception in the record, and same cannot be considered, for the following reason: Appellant's motion for a new trial was overruled on March 26th, from which date appellant was allowed 80 days in which to file his bill of exceptions and statement of facts. This time expired on June 15, 1924, and the bill of exceptions was not filed until June 16, 1924, or one day after the time allowed for filing same had expired. There are no exceptions to the charge of the court, and nothing raised in the record that we would be warranted in considering, and, the facts being sufficient to support the judgment, it is our opinion that the same should in all things be affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

**6**

Wit McMILLIAN v. STATE. (No. 9007.) (Court of Criminal Appeals of Texas. May 6, 1925.) Appeal from District Court, Taylor County; W. R. Ely, Judge. Cunningham & Oliver, of Abilene, for appellant. Tom Gar-

rard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

LATTIMORE, J. From a conviction for assault to murder, with punishment fixed at two years in the penitentiary, this appeal is brought. There are no bills of exception in the record. The indictment charges an offense, and the court's charge appears satisfactory. Appellant was under the influence of liquor and accompanied the assault upon the injured party with a rock, by threats, and apparently uncontradicted efforts to kill him. Parties interfered and prevented other injury. The injured party was severely hurt, and might have been killed, but for outside parties. We see no reason to interfere with the verdict of the jury. The judgment will be affirmed.

---

Santiago MARTINEZ v. STATE. (No. 9048.) (Court of Criminal Appeals of Texas. April 15, 1925.) Commissioners' Decision. Appeal from Criminal District Court, Tarrant County; George E. Hosey, Judge. Frank R. Graves and Sam S. Beene, both of Fort Worth, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BERRY, J. Appellant was convicted in the district court of Tarrant county of the offense of statutory rape, and his punishment assessed at confinement in the penitentiary for a term of five years. The prosecutrix was a nine-year old Spanish girl, and her testimony makes a very strong case of statutory rape. She is amply corroborated by both medical and non-expert testimony. Under cross-examination by appellant's counsel the witness testified to various acts of intercourse between her and appellant. The state also introduced appellant's confession, in which he admits his illicit relations with prosecutrix twice on Sunday, September 17, 1922. On the trial appellant denied his guilt, and by his own testimony and that of his witnesses sought to prove an alibi for Sunday, September 17, 1922; but it seems that his alibi testimony was hardly sufficient to cover the other acts to which the prosecutrix testified. Appellant's counsel and the trial court have placed in this record certain matters concerning certain bills of exceptions to which we shall but briefly advert. Bills of exceptions 2 and 3 complain of certain remarks alleged to have been made by the prosecuting attorney in the closing argument. These bills were not approved, but, instead, the trial court files a paper, which is designated in the record "Instructions of the Court," and which covers four full pages of the transcript, in which he gives his reasons for not approving said bills. Appellant's counsel counters with some six affidavits, in which he attempts to show that the matters contained in said bills are fairly stated therein. We find it unnecessary to arbitrate this dispute. In view of the fact that appellant's guilt seems abundantly proved if the state's testimony is believed, and of the further fact that the jury gave him the minimum penalty in a case where at least some circumstances of aggravation are rather cogently shown, it is our opinion that, if the language attributed to state's counsel was actually used, same did not harm the appellant; hence the assignment complaining of this matter is over-ruled. Patterson v. State, 87 Tex. Cr. R. 95, 221 S. W. 596; Wright v. State, 60 Tex. Cr. R. 387, 131 S. W. 1070. Bill No. 1 complains of the action of the court in permitting the witness Dr. Rhodes to testify as to a physical examination made of defendant while in jail. The bill shows that the district attorney's office sent for the witness, but it further shows that defendant did not object to the examination. Under these conditions we cannot say that the bill shows error. The above disposes of appellant's contentions as disclosed by the record, and, finding nothing therein showing reversible error, it is our opinion that the judgment should be affirmed; and it is so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

I. F. SCROGGINS v. STATE. (No. 9349.) (Court of Criminal Appeals of Texas. April 8, 1925. Rehearing Denied May 20, 1925.) Appeal from District Court, Robertson County; W. C. Davis, Judge. Robert Lyles, of Groesbeck, for appellant. Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is swindling; punishment fixed at confinement in the penitentiary for a period of two years. The indictment contains two counts—one charging that the property was obtained by false pretenses; the other charging that the property was fraudulently obtained by giving a check upon a bank without sufficient funds therein, and without a good reason to believe that the check would be paid. The check was for $60; the property acquired was an automobile. Appellant introduced no testimony, save his declaration, made at the time of the transaction, that he had funds in the bank with which to pay the $60, though he did not have the funds to pay the check for $81 which was given at the same time. The appellant's wife testified that the appellant had received through the mail no notice of the condition of his bank account. There was evidence, however, that he had knowledge that his account was depleted. There is no lack of evidence to support the verdict. The indictment appears regular. There are no bills of exception, criticizing either the charge of the court or its rulings upon the matters arising upon the trial. We have not been favored with a brief either by the appellant or the state. Having perceived no legal reason for a reversal, the judgment is affirmed.

On Motion for Rehearing.

In the motion for rehearing prepared by counsel, who did not represent the appellant at the trial, but was employed later, it is requested that time be granted sufficient to familiarize himself with the record, so as to enable him to properly present the appellant's views. The original opinion was delivered on April 8, 1925. The motion, without amendments, was submitted on May 13th. We assume that sufficient time has now elapsed, and that it is not desired to amend the motion. Our re-examination of the record leaves us of the opinion that the proper disposition was